(161 App. Div. 20)

## LYONS v. EDMONDS.

(Supreme Court, Appellate Division, Third Department. March 4, 1914.)

INJUNCTION (§ 62*)—RESTRICTIVE COVENANTS—MANDATORY INJUNCTION.

Mandatory injunction is properly granted against one who, in spite of repeated warnings, and in violation of restrictive covenants in his deed, builds his house nearer the street than the other houses in the block.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 124–127, 129; Dec. Dig. §. 62.*]

Appeal from Special Term, Monroe County.

Action by Jacob Lyons against William J. Edmonds. From a judgment dismissing the complaint on the merits, and granting defendant the relief prayed for in his counterclaim, plaintiff appeals. Affirmed.

See, also, 145 N. Y. Supp. 1131.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

Merle Lewis Sheffer, of Rochester, for appellant.
William J. Maloney, of Rochester (Edwin C. Redfern, of Rochester, of counsel), for respondent.

WOODWARD, J. The plaintiff brought this action for the purpose of being relieved of certain restrictions as to the building and porch line in his deed of conveyance from the defendant of certain premises in the city of Rochester, alleging fraud in the transaction. The defendant put in issue the question of fraud, and counterclaimed, asking for an injunction restraining the plaintiff from violating his restrictive covenants, and the learned court, at an Equity Term, having dismissed the complaint upon the merits, and having granted the relief demanded by the defendant in his counterclaim, the case comes to this court on appeal from the judgment.

On the 3d of February, 1912, the plaintiff made a proposition in writing, under the name of Rosa Marcus, for the purchase of the premises in question, and on the same day the proposition was accepted in writing. Upon the closing day of the transaction, and on the 19th day of February, 1912, the defendant gave a deed of the premises, which deed contained a covenant that the plaintiff should not build upon the premises nearer than 25 feet to the street line; the language of the covenant being limited to the cellar wall. The deed also contained a covenant that the porch should not extend nearer to the street line than

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

that of the other houses in the same block, and it is in reference to these covenants that the alleged fraud is suggested. The contract for purchase provided that the title should be free and clear of all incumbrances, and it appears from the evidence that there was some negotiation over the insertion of the covenants, one of them being modified in the deed as tendered, and the other being inserted by consent; but there is evidence, we believe, which justified the learned court at Equity Term in holding that the deed, as finally delivered and recorded, expressed the real contract between the parties, free from fraud. This being true, of course the complaint was properly disposed of.

It appeared, however, that the plaintiff, in the face of his covenants, and in spite of repeated warnings on the part of the defendant, constructed a house upon the premises involved in the litigation, the front porch of which was covered by the roof of the building, and the structure intrudes several feet into the restricted space, violating the letter and the spirit of the covenants, and the court has, we believe, very properly authorized a mandatory injunction commanding the plaintiff to remove so much of the same as interferes with the rights of the defendant. It appears that the premises in question were platted by the defendant's father; that there were originally no restrictions upon the lots, but that there came a time when the highway in front of the premises was made wider, and that in the readjustment the owners of the several properties mutually agreed to locate upon a given line, and that defendant's father made grants of lands to some of them for the purpose of getting the buildings upon a uniform line, the adjacent owners contributing to a common fund for the purpose of paying the expense of making one of the changes; and that since that time no lots have been conveyed which were not subject to the restrictions, and the heirs of the original platter have consented to place the same restrictions upon the three remaining lots, so that every consideration of equity and good faith would seem to demand that the plaintiff in the present action should be bound by his covenants.

While it is true that there is some evidence in the case which might have convinced the court that the plaintiff was misled, we are of the opinion that the court was not bound to reach a different determination as to the facts, and upon the facts as found the judgment is entirely in line with the leading authorities in this state. Indeed we are persuaded that the weight of evidence is clearly with the defendant in this case, and there is a strong suggestion that the plaintiff, after making his bargain, is disposed to overreach his neighbors, and to attempt to get something for which he has not paid, and which would operate unjustly upon those who have expended their money in developing an attractive residence street.

The judgment appealed from should be affirmed, with costs. All concur.